08-22569.o8

**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA**
Miami Division

Case Number: 08-22569-CIV-ALTONAGA-BROWN

CRAIG BERNER,

    Plaintiff,

vs.

CARNIVAL CORPORATION,

    Defendant.

_____/

## ORDER RE: AMENDED MOTION TO COMPEL

**This matter** is before this Court on Plaintiff's Amended Motion to Compel Production..., filed March 26, 2009 (D.E. 87). The Court has considered the motion, the response, the reply and all pertinent materials in the file.

With regard to the requests at issue (requests 3 and 5), the motion to compel is **GRANTED**, in part. The response raises issues regarding accident reports, both in the area of protected work product and as to the breath of the documents requests. The problem with defendant's position is that it ignores/overlooks that the request really seeks materials other than actual incident reports.... and even if it does seek them, in part, defendant is obligated to produce those materials not protected. As plaintiff correctly argues (page 5 of the motion), "merely a compilation or analysis of assaults and batteries certainly is not 'work product'.[1]

Secondly, with regard to the incident reports, themselves, there is no excuse why a privilege log was not filed. Certainly the mere existence of those reports is not privileged. Such a privilege

---

[1] The self critical analysis privilege is discussed, infra.

1

log need not have disclosed sensitive or personal matters.

Defendant claims the request is burdensome - both as to the fact that it seeks materials regarding all Carnival ships and a period of time of five years. However, nothing concrete is alleged to support this claim - what it would entail to find the responsive documents and any difficulties that might exist. Instead defendant cites cases - primarily as it regards the five year time period - to allegedly support its position. The problem is those cases all have one thing in common - they involve accident reports, not assault and/or battery reports. If it is defendant's contention that the numbers of these reports are similar, there is a far greater problem than a mere discovery request... but that contention is never made. In addition the request is limited to those incidents involving passengers - and therefore would exclude, for example, assaults between crew members.

Finally, addressing the "self-critical analysis" privilege, this Court declines to apply same, in total. It bears noting that defendant cited only one decision of a Circuit Court (the Sixth Circuit), and that case is decidedly different on its facts and the circumstances under which it arises. Conversely, four circuits have rejected this privilege. Importantly, there is no Eleventh Circuit decision regarding same. However, even in those cases adopting the privilege, they seem to limit same "only to subjective impressions and opinions in a written report, not objective facts". In re Air Crash Near Cali, Colombia on December 20, 1995, 959 F. Supp. 1529, 1532 (S.D. Fla. 1997). To the extent that any potentially responsive documents contain "subjective impressions and opinions", they should have been identified in a privilege log, but were not.

Therefore, consistent with this opinion and for the reasons stated herein, it is hereby Ordered and Adjudged as follows:

1. The motion to compel is **GRANTED**.
2. Defendant shall have five (5) days from the date of this order to deliver a privilege log consistent with this opinion, to plaintiff's counsel. However, any of those documents that can be

redacted so as to provide the facts contained therein shall be provided in redacted form.

3. Defendant shall have through and including Monday, April 20, 2009, to complete production.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 10 day of April, 2009.

STEPHEN T. BROWN
UNITED STATES MAGISTRATE JUDGE

cc: Honorable Cecilia M. Altonaga
Counsel of record